## JOHN HANNING *v.* ANNA L. HANNING.

**Divorce and Alimony.**

Where the husband had purchased real estate from his father and taken possession and paid for it, upon a divorce being decreed to the wife the court may attach the land, although the title is still in the father, and decree a lien in favor of the wife for the amount of alimony and allowance granted to her.

### APPEAL FROM DAVIESS CIRCUIT COURT.

March 4, 1879.

OPINION BY JUDGE ELLIOTT:

Appellee was married to James Hanning on the 28th day of July, 1873, at Rockport, Indiana, and filed this bill on the first of July, 1875, by which she asked to be divorced from her said husband, and for alimony. On the 15th of December, 1874, she became the mother of a daughter named Mary Emma Hanning, and she asked that proper provision be made for her and her child out of the estate of her husband. By amended pleadings she brought John Hanning, the father of her husband, before the court, and alleged that several years before their marriage her husband had purchased and paid his father, the appellee, for a tract of 150 acres of land lying in Daviess county and worth $6,000. And by another pleading appellee alleged that her husband had gone to the state of Texas, and that before he left, and to fraudulently defeat her recovery of alimony, he had entered into a combination with appellant by which he was to disclaim the ownership of the 150 acres of land, but was to claim that it belonged to appellant, and in pursuance of this fraudulent

combination the appellant and her husband both claimed that the land belonged to appellant.

She, however, stated that her husband had bought the land and paid for it, and had been placed in possession of it, and both he and his father claimed that it belonged to him. She asked for and obtained an attachment, and made appellant a defendant, and had him garnisheed in the action.

The evidence tends to the conclusion that James Hanning, the husband of appellee, purchased the land in dispute of his father and paid him for it, and on his marriage his father placed him in possession thereof, but had never made him a deed or executed any writing evidencing the contract of sale. We think the verbal sale and payment of the purchase money has been fully established. Her cause of divorce is that her husband had for more than six months before their separation habitually behaved toward her in such cruel and inhuman manner as to indicate on his part a settled aversion to her, and to destroy permanently her peace and happiness, and that his temper was so fierce and ungovernable as to endanger her life.

These charges she has sustained in their broadest meaning and to their fullest extent. He even forced the appellee out of the door of his house on a cold day while she was still feeble and sick from the birth of her child, and kept her out in the weather for some time. In fact this record shows James Hanning to be a monster of hate, cruelty and revenge, inflicted and wreaked, too, upon his own wife at a time when it was too probable that his ferocious cruelty would result in her death and that of his own offspring.

The contrast between appellee and her husband is great. She proves to be a modest, refined, elegant and cultivated woman, and appears all through this record without a single stain to blot or blur her splendid character for the possession of all the virtues that beautify and adorn a female.

The court adjudged that the appellee is entitled to a divorce, and adjudged in her favor $2,000 as alimony, and to enable her to rear and educate her daughter, of whom it also gave her the custody. It was further adjudged that the appellee's husband had purchased and paid for the farm of 150 acres of land on which she and he resided at the time of the separation, and although such purchase was by parol, that as he had paid over $2,000 for it the appellee was substituted to her husband's lien to the extent of the $2,000 and the

cost of the litigation, and we think that judgment is right and should not be disturbed.

The vendor and vendee are both before the court, and the vendor who has sold a tract of land worth at least $5,000, and received the purchase price, refused to execute the contract, because in parol. He is garnisheed by the vendee's creditor, and the property is attached. The vendee, on the rescission of the contract to which the vendor is entitled, would have a lien and could enforce it on the land for all he had paid him and for the enhanced value of the land by means of lasting improvements. Why cannot the vendee's creditor be substituted to his rights and his lien, when he has left the state, and is fraudulently combining with his vendor to cheat, hinder and delay his creditor?

We think that appellee had a right to subject the land to the payment of her judgment debt, as according to the proof it does not amount to half the sum to which James Hanning would be entitled on the rescission of the contract with appellant.

Wherefore the judgment is *affirmed*.

*W. N. Sweeney, for appellant. Williams & Brown, for appellee.*